UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-Civ-23757-COOKE/TORRES

APOLLO ENDOSURGERY,
INC.,

    Plaintiff,

v.

PETER KAFKA and GREG
GRIMM,

    Defendants.

_____/

**PERMANENT INJUNCTION AS TO DEFENDANT PETER KAFKA**

THIS MATTER is before me on the parties' Joint Motion to Enter Permanent Injunction as to Peter Kafka (ECF No. 127). Having reviewed the Motion, the record, and relevant legal authorities, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiff Apollo Endosurgery, Inc. ("Apollo") and Defendant Peter Kafka's Joint Motion to Enter Permanent Injunction as to Peter Kafka (ECF No. 127) is **GRANTED**.

2. Defendant Peter Kafka is **PERMANENTLY ENJOINED and RESTRAINED** from unfairly competing with Apollo, interfering with Apollo's existing and prospective business relationships, and from using the LAP-BAND Marks or Apollo Marks in any manner that is likely to cause confusion, including:

    a) Interfering, or acting in concert with others to interfere, with Apollo's existing contractual or business relationships with its buyers or end users as well as its prospective contractual relationships;

    b) Falsely or misleadingly representing himself to be sponsored by, approved by, or affiliated with Apollo;

    c) Falsely representing that any product that Defendant Peter Kafka or Greg Grimm own, stock, possess, broker, handle, label, sell or refer for sale is sponsored by, affiliated with, or approved by, Apollo;

d) Falsely representing any expired LAP-BAND product as being a genuine or authentic LAP-BAND device;

e) Falsely representing that any LAP-BAND product with an altered date or re-dated from its original shelf life dating is a genuine or authentic LAP-BAND device;

f) Falsely representing that any expired or re-dated LAP-BAND product carries Apollo's assurances of safety, sterility, stability, or fitness for intended use;

g) Directly or indirectly falsely advertising or promoting expired or re-dated LAP-BAND devices or inducing others to substitute counterfeit products for authentic LAP-BAND products;

h) Marketing, selling, brokering, representing, or making any commercial transaction in which expired LAP-BAND units have been re-sterilized, re-processed, re-manufactured, re-engineered and are presented to customers with any LAP-BAND mark or designation or any implied association thereof;

i) Committing any other acts or making any other representations, express or implied, that would infringe or dilute any LAP-BAND Mark or other Mark of Apollo Endosurgery or that would confuse, mislead or deceive any member of the public as to Defendant Peter Kafka or Greg Grimm's sponsorship of, approval by, or affiliation with, Apollo; and

j) Conspiring with, aiding, abetting, or assisting, any other person(s) or business entity(ies) in engaging in or performing any of the activities referred to in subparagraphs (a) – (i) above.

3.  **IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Peter Kafka is **PERMANENTLY ENJOINED** to take action to correct any erroneous impression persons may have derived or discerned concerning the nature, characteristics or qualities of LAP-BAND devices without their original shelf life dating or that have expired, including without limitation contacting all customers who have purchased a re-dated or over-labeled LAP-BAND unit explaining that the device is not validated by Apollo to be stable, safe, sterile, or fit for its intended use.

4.  The Court shall retain jurisdiction to enforce this Permanent Injunction as to Defendant Peter Kafka.

**DONE and ORDERED** in Chambers, at Miami, Florida, this 8th day of August, 2016.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*